issues decided in the case of *Paramount Import Co., Inc. et al.* v. *United States*, Reap. Dec. 9697, and that the record in said case be incorporated and made a part of the record herein.

IT IS FURTHER STIPULATED AND AGREED that the appraised values of the merchandise covered by the Appeals to Reappraisements enumerated herein, less the additions made by the importer on entry because of advances by the Appraiser in similar cases, is equal to the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, and that there was no higher foreign value for such or similar merchandise.

IT IS FURTHER STIPULATED AND AGREED that the cases may be submitted on the foregoing stipulation.

In the incorporated case, it was held that the amount paid a foreign commissionaire for services rendered in connection with the purchase of merchandise in the foreign market and which amount did not inure to the benefit of the seller was a buying commission, and, therefore, was not a part of the dutiable value of the merchandise.

On the agreed facts and following my cited decision on the law, I find that the proper basis for appraisement of the merchandise in question is export value, as defined in section 402(d) of the Tariff Act of 1930, and hold that such statutory value therefor is the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

(Reap. Dec. 9835)

CZECH QUALITY GOODS CO. ET AL. *v.* UNITED STATES

Entry No. 803532, etc.

(Decided November 9, 1960)

*Siegel, Mandell & Davidson* for the plaintiffs.
*George Cochran Doub,* Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation, reading as follows:

IT IS STIPULATED AND AGREED by and between the parties hereto, subject to the approval of the Court, that the merchandise and the issues in the Ap-

peals to Reappraisement listed in the Schedule attached hereto and made a part hereof are the same in all material respects as the merchandise and the issues decided in the case of *Paramount Import Co., Inc. et al.* v. *United States*, Reap. Dec. 9697, and that the record in said case be incorporated and made a part of the record herein.

IT IS FURTHER STIPULATED AND AGREED that the appraised values of the merchandise covered by the Appeals to Reappraisements enumerated herein, less the additions made by the importer on entry because of advances by the Appraiser in similar cases, is equal to the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, and that there was no higher foreign value for such or similar merchandise.

IT IS FURTHER STIPULATED AND AGREED that the cases may be submitted on the foregoing stipulation.

In the incorporated case, it was held that the amount paid a foreign commissionaire for services rendered in connection with the purchase of merchandise in the foreign market and which amount did not inure to the benefit of the seller was a buying commission, and, therefore, was not a part of the dutiable value of the merchandise.

On the agreed facts and following my cited decision on the law, I find that the proper basis for appraisement of the merchandise in question is export value, as defined in section 402(d) of the Tariff Act of 1930, and hold that such statutory value therefor is the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

(Reap. Dec. 9836)

TELLER IMPORTING CO. ET AL. *v.* UNITED STATES

Entry No. 805300, etc.

(Decided November 9, 1960)

*Siegel, Mandell & Davidson* for the plaintiffs.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation, reading as follows: